UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

WILLIAM HEWLETT,
*Defendant-Appellant.*

No. 03-4326

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-00-132)

Submitted: October 3, 2003

Decided: October 30, 2003

Before WILKINSON, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Keith B. Marcus, BREMNER, JANUS, COOK & MARCUS, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael C. Wallace, Sr., Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

William Hewlett appeals the district court's imposition of a twenty-four month term of imprisonment upon the revocation of his supervised release. Finding no reversible error, we affirm.

In 2001, William Hewlett pleaded guilty to aiding and abetting bank fraud, in violation of 18 U.S.C. §§ 1344 and 2 (2000). The district court sentenced him to time served and imposed a three-year term of supervised release.

In November 2002, Hewlett's probation officer filed a petition to revoke supervised release based on several violations of the conditions of Hewlett's supervised release. At his revocation hearing, Hewlett admitted to the violations. The district court then found that Hewlett had committed the alleged violations and revoked Hewlett's supervised release.

Because Hewlett's underlying offense is a Class B felony, the statute mandates that the term of imprisonment imposed upon the revocation of supervised release not exceed three years. 18 U.S.C. § 3583(e)(3) (2000). Pursuant to *U.S. Sentencing Guidelines Manual* § 7B1.4(a) (2002), the suggested imprisonment range for a defendant with Hewlett's criminal history category coupled with his supervised release violations is five to eleven months. The Chapter 7 policy statements, however, are non-binding. *United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995). After consideration of the applicable policy statements and the relevant factors, a district court has the discretion to sentence a defendant outside the suggested guideline range. *Id.* at 639 n.1, 642-43. The record reflects that the court considered both the policy statements and the relevant factors.

Because Hewlett's sentence does not exceed the statutory maximum term set forth in § 3583(e) and there is no applicable binding sentencing guideline, we review the sentence only to determine whether it is "plainly unreasonable." 18 U.S.C. §§ 3742(a)(4), 3742(e)(4) (2000). Given the facts of this case, we cannot say that a

twenty-four month sentence is plainly unreasonable. Therefore, we affirm Hewlett's sentence. Because the facts and legal contentions are adequately presented in the materials before the court, Hewlett's motion for oral argument is denied.

*AFFIRMED*